# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DARRYL L. JONES,**

      **Plaintiff,**

**vs.**                      **Case No. 4:14cv670-RH/CAS**

**MR. FRISON, DR. GRIPPE, M.D.,
et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Service of the pro se Plaintiff's sixth amended complaint, ECF No.
38, was carried out as to Defendants[1] Frison and Grippe, ECF Nos. 57-58.
Those Defendants filed a motion to dismiss, ECF No. 61, arguing Plaintiff's
complaint does not state a viable claim.  Plaintiff Darryl Jones has filed a
response in opposition to that motion, ECF No. 65, requesting the motion
to dismiss be denied.  The motion is ready for a ruling.

---

[1] Service has not been carried out on three Defendants: Brauer, Douglas, and
Knowlinger.  Plaintiff has been advised that he could use discovery to seek to determine
the whereabouts of those Defendants.  ECF Nos. 49, 53, and 60.

**Allegations of the Complaint**

The complaint alleged that prior to Mr. Jones entering the custody of the Florida Department of Corrections, he was diagnosed "as suffering from Psychotic Disorder and Posttraumatic Stress Disorder (PTSD)."  ECF No. 38 at 4.  He was prescribed certain medications and recommended for a treatment program.  *Id.* at 3-5.

Mr. Jones entered the Department's custody and complained over a three year period "of increased frequency of suicidal thoughts, auditory illusions, and schizophrenia episodes."  *Id.* at 6.  He alleged he was not given additional evaluations nor was his treatment plan revised in light of his increased problems.  *Id.* at 6-7.  He complained that he was not receiving PTSD treatment and that the medications alone were not relieving his "diagnosed mental health disorders . . . ."  *Id.* at 7.  Mr. Jones also began experiencing sleep deprivation due to "nightmares and escalated patterns of schizophrenia."  *Id.*

Mr. Jones was transferred to Wakulla Correctional Institution in late August 2013.  *Id.* at 7.  Mr. Jones alleged that Mr. Frison and Dr. Grippe "deliberately ignored" his complaints that the medications "failed to subside the frequency and intensity of anxiety attacks, auditory illusion, and schizophrenic episodes."  *Id.*  Mr. Jones further alleged that he had not

received PTSD treatment or "medications to address his ongoing mental health crisis."  *Id.* at 8.

## Motion to Dismiss, ECF No. 61

Dr. Grippe and Mr. Frison[2] contend that Mr. Jones has failed to state a claim because he is complaining about the "same care he received prior to his incarceration."  ECF No. 61 at 7.  They argue that this action is merely a disagreement over the adequacy of treatment.  *Id.* at 7-8.  They contend Mr. Jones "apparently prefers a different treatment, but preference does not give rise to a constitutional claim."  *Id.* at 8.  Defendants assert that this case amounts to only "a difference of medical opinion as to the appropriate treatment for his particular conditions."  *Id.* at 9.  Finally, it is argued that the requests for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e).  *Id.*

## Standard of Review

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127

---

[2] Dr. Grippe is alleged to be the Medical Doctor and Mr. Frison is alleged to be the Mental Health Specialist at Wakulla Correctional Institution.  ECF No. 38 at 2.

S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[3]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

---

[3] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Id.* (quoting <u>Twombly</u>, 550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). <u>Iqbal</u>, 556 U.S. at 679, 129 S.Ct. at 1950. The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. at 1950. If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Analysis**

The Eighth Amendment requires that prisoners be provided treatment for their serious medical needs and a defendant's failure to do so because of deliberate indifference to those needs amounts to cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); <u>Hernandez v. Sec'y Florida Dep't of Corr.</u>, 611 F. App'x 582, 583 (11th Cir. 2015). There are three elements which must be shown to prevail on a claim alleging deliberate indifference: "(1) a serious medical

Case 4:14-cv-00670-RH-CAS   Document 69   Filed 01/03/17   Page 7 of 11

Page 7 of 11

need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." <u>Mann v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citing <u>Goebert v. Lee Cnty.</u>, 510 F.3d 1312, 1326 (11th Cir. 2007)).  Furthermore, "[t]o show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoted in <u>Hernandez</u>, 611 F. App'x at 583-84).

An "objectively serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Hill v. Dekalb Regional Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by <u>Hope v. Pelzer</u>, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting <u>Laaman v. Helgemoe</u>, 437 F. Supp. 269, 311 (D.N.H. 1977)); *see also* <u>Hernandez</u>, 611 F. App'x at 584 (quoting <u>Farrow</u>, 320 F.3d at 1245).  Alternatively, a medical need may be deemed "serious" if delay in treating the need would worsen the condition or "if left unattended" it would pose "a substantial risk of serious harm." <u>Mann</u>, 588 F.3d at 1307 (11th Cir. 2009) (quoting <u>Hill</u>, 40 F.3d at 1188-89, and <u>Farrow</u>, 320 F.3d at 1243).

The complaint sufficiently alleges that Mr. Jones suffers from a serious medical condition.  "In this circuit, it is established that psychiatric needs can constitute serious medical needs and that the quality of psychiatric care one receives can be so substantial a deviation from accepted standards as to evidence deliberate indifference to those serious psychiatric needs."  Steele v. Shah, 87 F.3d 1266, 1269 (11th Cir. 1996) (citing Greason v. Kemp, 891 F.3d 829 (11th Cir. 1990)); *see also* Willacy v. Cty. of Brevard, No. 04-VV-1666ORL18DAB, 2007 WL 1017657, at *9 (M.D. Fla. Mar. 30, 2007) (assuming at summary judgment stage that prison's post-traumatic stress syndrome was a serious medical condition, but finding no evidence that prisoner ever "informed anyone that he was he was suffering from [that] disorder.").  Mr. Jones alleged that he notified all Defendants of his ongoing and increased mental health needs, but no action was ever taken.  ECF No. 38 at 9.  Mr. Jones alleged that his needs were ignored and he was never given additional evaluations nor was his medical adjusted following his complaints of increased suicidal thoughts, auditory hallucinations, sleep deprivation, nightmares, and schizophrenic episodes.  Accepting those allegations as true, they are sufficient to state a plausible claim.  The motion to dismiss, ECF No. 61, should be denied as to this argument.

It is also argued that the requests for compensatory and punitive damages should be dismissed.  ECF No. 61 at 9-10.  The law is clear that if a prisoner has not suffered any physical injury, even if successful on his claims, a prisoner's request for compensatory monetary damages must necessarily be limited to nominal damages pursuant to 42 U.S.C. § 1997e(e).  Brooks v. Warden, 800 F.3d 1295, 1307-08 (11th Cir. 2015) (holding that an "incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury."); *see also* Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[4], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999); Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  Furthermore, the PLRA also precludes an award "of punitive damages in the absence of physical injury."  Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011).  Mr. Jones did not allege suffering any physical injury beyond emotional and mental health harm.  Thus, in light of § 1997e(e)'s limitation, the requests for relief must be limited to declaratory

---

[4] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

and injunctive relief, and nominal damages.  The motion to dismiss should be granted as to this issue.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 61, be **GRANTED in part** and **DENIED in part**.  Plaintiff's request for compensatory and punitive damages should be **DISMISSED**, but the motion should otherwise be **DENIED**.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings and Defendants Frison and Trippe be required to file an answer within 10 days of the date this Report and Recommendation is adopted.

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2017.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.