# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DARRYL L. JONES,

    Plaintiff,

vs.                                         Case No. 4:14cv670-RH/CAS

MR. FRISON, DR. GRIPPE, M.D.,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff's sixth amended complaint, ECF No. 38, was filed on February 19, 2016. After the denial of a motion to dismiss filed by Defendants[1] Frison and Grippe, ECF Nos. 61, 69, and 73, an Initial Scheduling Order was entered on April 11, 2017, directing discovery between the parties. ECF No. 77. Plaintiff Darryl Jones has now filed another motion to amend the complaint. ECF No. 81.

---

[1] Service has not been carried out on three Defendants: Brauer, Douglas, and Knowlinger. Plaintiff has been advised that he could use discovery to seek to determine the whereabouts of those Defendants. ECF Nos. 49, 53, and 60.

In December 2016, Plaintiff previously filed a motion to amend the complaint to add an ADA claim. ECF No. 67. That motion was denied without prejudice. ECF No. 68. Plaintiff was informed that his motion to amend was insufficient because Plaintiff did not provide a copy of his proposed amended complaint as required by Local Rule 15.1. *Id.*

Plaintiff has now filed another motion to amend, ECF No. 81, which is combined with a proposed amended complaint. For all the reasons explained below, the motion should be denied.

First, Plaintiff's case has been pending for two and a half years at this point. Discovery is half over and this request to amend the complaint comes too late in the process.

Second, Plaintiff's proposed amended complaint is insufficient to proceed. The sixth amended complaint was brought against six Defendants. ECF No. 38 at 2. However, the proposed pleading seeks to enlarge that number to 52 persons and entities. Plaintiff does not allege sufficient facts to state a claim against that many Defendants. The facts are vague and conclusory and do not specify how each named Defendant harmed Plaintiff. Indeed, for most of the Defendants named it is impossible to determine what actions those Defendants took which Plaintiff contends violated his constitutional rights.

Third, Plaintiff's listing of Defendants span from employees at the jail to persons employed by the Public Defender and several judges, to persons employed at Apalachee C.I, Wakulla C.I., Santa Rosa C.I., the N.W. Florida Reception Center, and the Department of Corrections Central Office. The events described range from 2008 (ECF No. 81 at 9) through August 2016 (ECF No. 81 at 29) after Centurion took over providing medical care to Florida prisoners after the State's contract with Corizon ended. The pleading combines a multitude of separate events which cannot proceed in one complaint.

Fourth, after asserting that he seeks to add an ADA claim, ECF No. 81 at 1, Plaintiff does not clearly include such a claim in the statement of claims section. ECF No. 81 at 36. Plaintiff does not allege facts which support such a claim, nor does he identify any specific Defendant who allegedly violated the ADA. The basis for which Plaintiff proposed to amend his complaint is not unsupported.

Fifth, Plaintiff improperly combines factual events with case law and argument. A complaint must state the facts of a case and alert the Defendants to the nature and basis of Plaintiff's claims. Plaintiff's proposed pleading does not do so.

Furthermore, Plaintiff's listing of Defendants includes individuals who were acting as defense counsel and "conflict counsel." Those Defendants are not persons "acting under state law" and cannot be sued under § 1983. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Plaintiff has also improperly named several judges, ECF No. 81 at 2, as Defendants and sues them for monetary damages. *Id.* at 41-42. Those Defendants are absolutely immune from such relief which justifies § 1915(e)(2) dismissal. Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990); Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).

Pursuant to Rule 15(a), after a responsive pleading has been served, leave of court is required to amend a pleading but should "be freely given when justice so requires." FED. R. CIV. P. 15(a). Thus, notwithstanding the liberal policy regarding amendments, futility of amendment is sufficient cause to deny leave to amend. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004). When a proposed amended complaint fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend. Bloodworth v. United States, 623 F. App'x 976, 979 (11th Cir. 2015).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion seeking leave to file a seventh amended complaint, ECF No. 81, be **DENIED**, that Plaintiff should proceed on the sixth amended complaint, and this case should be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**